IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD ERIN GRAY, SR. | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV320 |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF SAINT PAUL, et al., | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 30, 2016. (Filing No. 1.) Plaintiff, who has been given leave to proceed in forma pauperis, filed a supplement to his Complaint on July 22, 2016. (Filing No. 6.) The court now conducts an initial review of the Complaint and supplement (collectively referred to herein as "Complaint") to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is rambling and extremely difficult to decipher. Plaintiff names a host of defendants, including the State of Nebraska, State of Iowa, and State of Minnesota. Plaintiff also names several cities, counties, correctional facilities, police officers, and other individuals as defendants.

Plaintiff's Complaint includes wide-ranging allegations, including, but not limited to, claims of unlawful search and seizure, assault, theft, slander, unconstitutional conditions of confinement, interference with religious beliefs, and copy-right infringement.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

The Complaint contains a variety of claims which seemingly arise from different incidents.  Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*."  Fed. R. Civ. P. 20(a)(2)(A) (emphasis added).  In addition, there must be a "question of law or fact common to all defendants" in the action.  Fed. R. Civ. P. 20(a)(2)(B).  Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party."  Fed. R. Civ. P. 21.  The court may do so "[o]n motion or on its own." *Id.*

Plaintiff's claims arise out of multiple, unrelated events.  Therefore, Plaintiff will be required to file an amended complaint that sets forth only related claims that stem from the same basic event or occurrence.  Plaintiff is warned that upon screening the amended complaint, the court will consider whether unrelated claims should be severed.  If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions and could be required to pay a separate filing fee for each separate action.

Plaintiff is further advised that the court questions whether it has personal jurisdiction over multiple defendants who are located outside the State of Nebraska.  Plaintiff should keep jurisdictional matters in mind when drafting his amended complaint.

Additionally, Plaintiff should take care to comply with Rule 8 of the Federal Rules of Civil Procedure when preparing his amended complaint.  Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation "be simple, concise, and direct."

Fed. R. Civ. P. 8. A complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation omitted). Although a pro se plaintiff's allegations should be liberally construed, pro se litigants must comply with the Federal Rules of Civil Procedure. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law"). Plaintiff's Complaint is so long and convoluted that the court cannot determine with certainty the legal and factual basis for each of Plaintiff's claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by September 30, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: September 30, 2016 check for amended complaint.

DATED this 1st day of September, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge